**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

EDWARD GRIFFOR,
MARIELA GRIFFOR,

                Plaintiffs,         CASE NO. 16-12552
                                                  HON. DENISE PAGE HOOD
v.

BSI FINANCIAL SERVICES
VENTURES TRUST 2013-I-H-R By
MCM CAPITAL PARTNERS LLC,
BANK OF AMERICA N.A.,

                Defendants.
_____/

## ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION [#25]

**I.     BACKGROUND**

This matter is now before the Court on Plaintiffs Edward Griffor and Mariela Griffor's ("the Griffors") Motion for Reconsideration filed on April 14, 2017. (Doc # 25) On March 31, 2017, the Court entered an Order Granting Defendant Bank of America, N.A.'s Motion to Dismiss (Doc # 9) and Granting Defendants BSI Financial ("BSI"), Ventures Trust 2013-I-H-R ("Trust"), and MCM Capital Partners, LLLP's Joint Motion to Dismiss (Doc # 13). (Doc # 23) For the reasons set forth below, the Court denies the Griffors' Motion for Reconsideration.

1

## II. ANALYSIS

### A. Standard of Review

The Griffors cite both Local Rule 7.1 and Rule 59(e) of the Federal Rules of Civil Procedure.

The Local Rules of the Eastern District of Michigan provide that any motion for reconsideration must be filed within 14 days after entry of the judgment or order. E.D. Mich. LR 7.1(h)(1). No response to the motion and no oral argument thereon are permitted unless the Court orders otherwise. *Id.* at 7.1(h)(2). The Griffors' Motion is timely filed.

Local Rule 7.1 further states:

> **(3) Grounds.** Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

*Id.* at 7.1(h)(3). "A 'palpable defect' is a defect which is obvious, clear, unmistakable, manifest, or plain." *Fleck v. Titan Tire Corp.*, 177 F. Supp. 2d 605, 624 (E.D. Mich. 2001). A motion for reconsideration is not a vehicle to re-hash old arguments, or to proffer new arguments or evidence that the movant could have brought up earlier. *Sault Ste. Marie Tribe v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (motions under Fed. R. Civ. P. 59(e) "are aimed at *re* consideration, not

initial consideration") (citing *FDIC v. World Universal Inc.*, 978 F.2d 10, 16 (1st Cir. 1992)).

Rule 59(e) of the Federal Rules of Civil Procedure provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). "A district court may grant a Rule 59(e) motion to alter or amend judgment only if there is: '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *Henderson v. Walled Lake Consol. Sch.*, 469 F.3d 479, 496 (6th Cir. 2006) (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)). "This standard is not inconsistent with the 'palpable defect' standard" applied to a motion for reconsideration. *Walled Lake*, 469 F.3d at 496.

### B. Palpable Defect

#### 1. *Defamation Claim Against BSI and Trust*

The Griffors argue that the Court made a palpable error in its March 31, 2017 Order because the Court failed to address the fact that Mariela Griffor was not on the Note and not responsible for the debt.

The Court finds that the Griffors have not met their burden, as they have not demonstrated a palpable defect by which the Court has been misled. In its May 31, 2017 Order, the Court expressly considered exactly what the Griffors ask that the Court consider again:

> The Griffors argue that BSI and Trust had no right to defame Mariela Griffor because she only signed the Mortgage, not the Note. As a result, she is not personally liable for the debt, as specified in the Mortgage. The Griffors assert that BSI and Trust willfully intended to injure her by reporting her negatively to the credit agency for failure to pay a debt she was not responsible for.

(Doc # 23, Pg ID 404-05) Nevertheless, the Court found that the Griffors' defamation allegations involved conduct on the part of BSI and Trust specifically related to their function as furnishers of credit information, which is precisely the subject matter regulated by Section 1681-s2 of the Fair Credit Reporting Act ("FCRA") and preempted by Section 1681t(b)(1)(F) of the FCRA.

The Griffors also request that the Court consider two cases from other circuits that they could have cited earlier, and they make an argument that they could have made earlier. *See Evans v. Trans Union LLC*, No. 2:10-CV-00945, 2011 WL 672061 (S.D.W. Va. Feb. 14, 2011); *Ross v. F.D.I.C.*, 625 F.3d 808 (4th Cir. 2010). A motion for reconsideration is not a vehicle to proffer new arguments that could have been brought up earlier. *Sault Ste. Marie Tribe*, 146 F.3d at 374. Further, the out-of-circuit cases that the Griffors now ask this Court to consider are not binding on this Court and were decided in 2010 and 2011; they do not present an intervening change in controlling law. The Griffors concede that the Sixth Circuit has not adopted the "statutory approach" to reconciling Section 1681t(b) and Section 1681h(e) of the FCRA that has been applied by at least some district courts in the Fourth Circuit. *See Evans*, 2011 WL 672061, at *6 (noting that even

the Fourth Circuit has yet to squarely address this issue and adopt the "statutory approach").

### 2. *Michigan Mortgage Brokers, Lenders, and Servicers Licensing Act Claim Against BSI and Trust*

The Griffors argue that the Court made a palpable error in its March 31, 2017 Order because the Court "did not properly consider the factual pleadings proffered by the Plaintiffs." However, the Griffors fail to point to any factual pleading in the Complaint that the Court failed to consider. Instead, they cite the following language in their Response to BSI's Motion to Dismiss:

> Defendant BSI failed to disclose material information to the Plaintiffs as evidenced by the letter dated March 18, 2016, in which Defendant BSI stated the requests were "overbroad and unduly burdensome." Exhibit 4. Plaintiffs are entitled to a complete history of their mortgage and note under RESPA. 12 U.S. Code §2605. Plaintiffs were merely trying to obtain information on the impending foreclosure and to substantiate their case that BSI was not justified in their position to foreclose.

The Griffors assert that they attempted to obtain the factual information that the Court claims was lacking in the Complaint.

The Court finds that the Griffors have not met their burden, as they have not demonstrated a palpable defect by which the Court has been misled. Contrary to the Griffors' assertions, the Court did consider their allegations that they requested a detailed accounting from BSI and that BSI responded that the request was overbroad and unduly burdensome. *See* Doc # 23, Pg ID 401. Nevertheless, the

Court found that the allegations were insufficient to state a claim of fraud in the inducement because the Griffors failed to allege how the alleged misrepresentation was material, how it was false, or even how the Griffors relied upon it. The Court noted that the Griffors did not even allege that they ever made a payment after January 2013 or that they ever made a payment to BSI or Trust.

### 3. *Settlement Negotiations*

The Griffors argue, without citing any legal authority, that the Court made a palpable error by dismissing the Complaint with prejudice while the parties were "actively engaged" in settlement negotiations. The Griffors assert that they were "making progress with both the loan modification with the Defendants, having already made the first trial payment, in addition to negotiating damages related to inaccurate reporting of the loan modification." They further assert that "but for the granting of the Motions to Dismiss, the parties would have moved forward toward a resolution of all of the issues in this case."

The Court finds that the Griffors have not met their burden, as they have not demonstrated a palpable defect by which the Court has been misled. The Griffors inaccurately state that the Court was "reluctant to issue a decision prior to the parties actively engaging in settlement negotiation [sic]." They inaccurately state that the Court "stated that it would hold the decision in abeyance while the parties were continuing toward a settlement." They inaccurately state that the Court

"emphasized that it wished to withhold making a decision on the merits of the case until the parties were able to deliberate all of the factual issues obstructing progress in the case." The Court made no such statements, nor did the Court express such sentiments.

Rather, at the November 9, 2016 motion hearing, the Court requested a status update on November 28, 2016—after being informed by Plaintiffs' Counsel that the parties might be able to resolve the case. During the November 28, 2016 telephonic status conference, the parties indicated that they were attempting to negotiate a loan modification and were waiting for some documents. The parties further indicated that they expected to know the outcome of the loan modification process in two weeks to one month. The parties did not subsequently file any notice with the Court or any request to stay the Court's decision on the Motions to Dismiss. The Court entered its Order over four months after the status conference.

Lastly, the Griffors request that the Court allow them to refile the Complaint, presumably an amended Complaint. The Griffors could have filed a motion to amend their Complaint in accordance with Local Rule 15.1; however, the Griffors never filed such a motion.

## III. CONCLUSION

For the reasons set forth above,

IT IS HEREBY ORDERED that Plaintiffs Edward Griffor and Mariela Griffor's Motion for Reconsideration (Doc # 25) is DENIED.

        S/Denise Page Hood
        Denise Page Hood
        Chief Judge, United States District Court

Dated: June 21, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 21, 2017, by electronic and/or ordinary mail.

        S/LaShawn R. Saulsberry
        Case Manager